Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JULIE DERMANSKY, an individual,

Plaintiff,

v.

PENSKE MEDIA CORPORATION, a Delaware Corporation, individually and doing business as "Vibe.com"; OATH, INC., a Delaware Corporation, individually and doing business as "Yahoo"; and DOES 1 through 10,

Defendants.

Case No.:

**COMPLAINT FOR:**

1. COPYRIGHT INFRINGEMENT
2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT
3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)

Jury Trial Demanded

Julie Dermansky, by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff JULIE DERMANSKY ("DERMANSKY") is an individual residing in Metairie, Louisiana.

5. Plaintiff is informed and believes and thereon alleges that Defendant PENSKE MEDIA CORPORATION, individually and doing business as "Vibe.com" ("PMC") is a corporation organized and existing under the laws of the state of Delaware with its primary place of business located at 11175 Santa Monica Blvd, Los Angeles, CA 90025, and is the owner of the website https://www.vibe.com/.

6. Plaintiff is informed and believes and thereon alleges that Defendant OATH, INC., individually and doing business as "Yahoo" ("OATH") is a corporation organized and existing under the laws of the state of Delaware with its primary place of business located at 770 Broadway, New York, New York 10003, and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH**

9. Plaintiff owns the original photograph shown below (the "Subject Photograph") which was registered with the United States Copyright Office on June 9, 2017 under Registration Number VA 2-055-560:

**Subject Photograph**




10. Plaintiff is informed and believes and thereon alleges that in or about September 2017, PMC sought and obtained a license from Getty Images to use the Subject Photograph in connection with a September 2017 vibe.com article. Plaintiff

is further informed and believes that said license was for a single use and was not transferrable or sublicensable.

11. Plaintiff is informed and believes that in or about September 2017, PMC downloaded and saved a copy of the Subject Photograph.

12. Plaintiff is informed and believes and alleges that after downloading the Subject Photograph, PMC and DOE Defendants, and each of them used the Subject Photograph without license and/or Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, displaying the Subject Photograph at https://www.vibe.com/index.php/2018/03/waffle-house-scholarship-viral-photo, https://www.vibe.com/2018/05/north-carolina-cop-chokehold-waffle-house, https://www.vibe.com/2020/03/waffle-house-closes-more-than-400-locations-coronavirus.

13.Screenshots of said unauthorized uses are shown below.




VIBE
NEWS MUSIC FEATURES STYLE VIXEN VIVA
Follow Vibe
Entertainment National Sports Events Movies & TV
ADVERTISEMENT
Adobe
Apps for design, photography, video, UX, and web.
From $9.99/mo.
Join now
WAFFLE HOUSE
Getty Images
Waffle House Waitress Receives College Scholarship After Photo Of Her Cutting Elderly Man's Food Goes Viral
March 9, 2018 - 8:23 pm by Latifah Muhammad
ADVERTISEMENT
Vrbo
Find your happy place
Find vacation homes
POPULAR


VIBE
NEWS MUSIC FEATURES STYLE VIXEN VIVA
Follow Vibe
Entertainment National Sports Events Movies & TV
ADVERTISEMENT
Adobe
Apps for design, photography, video, UX, and web.
From $9.99/mo.
Join now
WAFFLE HOUSE
Getty Images
Getty Images
Waffle House Closes More Than 400 Locations Over
ADVERTISEMENT
Vrbo
Travel better together
Feel that vacation feeling again
Feel that vacation feeling again
Find vacation homes

14. Plaintiff is informed and believes and thereon alleges that OATH and DOE Defendants, and each of them used the Subject Photograph without license and/or Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, displaying the Subject Photograph at https://www.yahoo.com/lifestyle/north-carolina-officer-recorded-choking-211803559.html.

15. A screenshot of said unauthorized use is shown below.




## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

16. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, online via Getty Images and that Defendant OATH had access to the Subject Photograph via Defendant PMC.

18. In addition, access is established because the photograph used by Defendants is identical or virtually identical to the Subject Photograph.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images of the Subject Photograph, and exploited said image in multiple website posts without Plaintiff's authorization or consent.

20. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

21. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Photograph in an amount to be established at trial.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## SECOND CLAIM FOR RELIEF

(Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

23. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

24. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged herein. Such conduct included, without limitation, publishing the Subject Photograph obtained from third parties that Defendants knew, or should have known, were not authorized to publish the Subject Photograph.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the aforementioned website posts that incorporated the unauthorized copies of the Subject Photograph, and were able to supervise the publication of said posts.

26. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph, in an amount to be established at trial.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the

Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each)

29. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202(b) by intentionally removing and/or altering the copyright management information on the copy of the Subject Photograph ("Mislabeled Copy"), and distributing copyright management information for the Mislabeled Copy with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the Mislabeled Copy, knowing that copyright management information – including Plaintiff's name – had been removed or altered without authority of the copyright owner or the law, and knowing, or with respect to civil remedies under section 1203, having reasonable ground to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly removed and/or altered the copyright management information on the Mislabeled Copy.

32. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law

and statutory damages and penalties pursuant to 17 U.S.C. § 1203 and other applicable law.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damages and penalties.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photograph from their respective websites, catalogs, marketing and advertisement materials.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203 and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 505;

e. That Plaintiff be awarded her costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: April 1, 2021

DONIGER/BURROUGHS

By: /s/ *Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
David Shein, Esq.
Attorneys for Plaintiff